Electronically Filed
Intermediate Court of Appeals
CAAP-12-0000098
12-MAY-2015
08:28 AM

NO. CAAP-12-0000098

IN THE INTERMEDIATE COURT OF APPEALS

OF THE STATE OF HAWAI'I

LARRY WILSON, ISAOA, and WIND RIVER BROKERS, LLC,
a Washington Limited Liability Company,
Plaintiffs-Appellees,
v.
KEALA MITZI NOEL,
Defendant-Appellant
and
VACATIONLAND COMMUNITY ASSOCIATION,
Defendant-Appellee

APPEAL FROM THE CIRCUIT COURT OF THE THIRD CIRCUIT
(CIVIL NO. 07-1-0296)

SUMMARY DISPOSITION ORDER
(By: Nakamura, C.J., Foley and Leonard, JJ.)

Defendant-Appellant pro se Keala Mitzi Noel (**Noel**) appeals from the "Findings of Fact, Conclusions of Law and Order Partially Granting and Partially Denying Plaintiff's Motion for Summary Judgment" entered January 26, 2012 in the Circuit Court of the Third Circuit[1] (**circuit court**).

On appeal, Noel contends the circuit court erred in granting partial summary judgment in favor of Plaintiffs-Appellees Larry Wilson, ISAOA (**Wilson**), and Wind River Brokers, LLC, a Washington Limited Liability Company (**Wind River Brokers**) (together, **Plaintiffs**) because (1) the circuit court erred when

_____

[1] The Honorable Glenn S. Hara presided.

it reinstated Plaintiffs' case against Noel after dismissing the case pursuant to Rule 12(q) of the Rules of the Circuit Court of the State of Hawai'i (**RCCH**); (2) Noel's promissory note (**note**) and mortgage are void pursuant to Hawaii Revised Statute (**HRS**) § 454-8 (1993) because Wilson violated the conditions of the circuit court's Consent Judgment; (3) Noel's note and mortgage are void pursuant to "S.B. 651 and [The Home Ownership and Equity Protection Act of 1994 (**HOEPA**)] laws"; and (4) the circuit court judge was biased against Noel.

Upon careful review of the record and the briefs submitted by the parties and having given due consideration to the arguments advanced and the issues raised by the parties, as well as the relevant statutory and case law, we conclude Noel's appeal is without merit.

## I. Case Dismissal

Noel alleges the circuit court erred when it reinstated Plaintiffs' case against her after first dismissing the case pursuant to RCCH Rule 12(q). RCCH Rule 12(q) states

> **Rule 12.    READY CIVIL CALENDAR.**
>
> . . . .
>
> **(q) Dismissal for Want of Prosecution.** An action may be dismissed sua sponte with written notice to the parties if a pretrial statement has not been filed within 8 months after a complaint has been filed (or within any further period of extension granted by the court) or if a trial setting status conference has not been scheduled as required by Rule 12(c). <u>Such dismissal may be set aside and the action reinstated by order of the court for good cause shown upon motion duly filed not later than ten (10) days from the date of the order of dismissal.</u>

(Emphasis added.)

This court has held that the Hawai'i Supreme Court decision in <u>Bagalay v. Lahaina Restoration Found.</u>, 60 Haw. 125, 133, 588 P.2d 416, 422 (1978) controls our analysis of dismissals under RCCH Rule 12(q). <u>See</u> <u>Ryan v. Palmer</u>, 130 Hawai'i 321, 324, 310 P.3d 1022, 1025 (App. 2013). <u>Bagalay</u> held that a court's decision to dismiss a case does not constitute an abuse of discretion "where delay results in actual prejudice to the

2

defendants, and where it is shown that plaintiff's counsel deliberately delayed in prosecuting the case[.]" Bagalay, 60 Hawai'i at 133, 588 P.2d at 422.

In support of Plaintiffs' June 9, 2008 "Ex Parte Motion for Reinstatement" (**Motion for Reinstatement**), Plaintiffs attached a sworn affidavit of their counsel, Alan S. Konishi (**Konishi**), indicating that they did not file a pretrial statement because there were settlement discussions with Noel and neither party had conducted discovery. Konishi claimed that "[a]t this time it does not appear that settlement will be achieved therefore Plaintiffs shall begin discovery and will file a pretrial statement within a reasonable time." Noel did not file a response to Plaintiffs' motion.

Noel contends that "[t]he Court never recognized or upheld the dismissal of the this case 01-1-0298 [sic] of May 30, 2008. This case was dismissed by the court and should have held that dismissal as such." However, Noel does not provide any argument for why the case should not have been reinstated. There is sufficient evidence in the record to indicate that Noel was not prejudiced by Plaintiffs delay and that Plaintiffs had good cause for the delay. See Ryan, 130 Hawai'i at 324, 310 P.3d at 1025 (holding that dismissing case under RCCH 12(q) was improper were "Defendants did not claim actual prejudice at any point, and . . . did not refute Plaintiff's argument that they suffered no prejudice from the delay."). The circuit court did not abuse its discretion in granting Plaintiffs' Motion for Reinstatement under RCCH Rule 12(q).

## II.   HRS Chapter 454[2]

Noel appears to argue that the circuit court erred in granting Plaintiffs' request to foreclose on her mortgage because a genuine issue of material fact remained as to the validity of her note and mortgage, under HRS § 454-8. In essence, Noel

---

[2]    Repealed effective Jan. 1, 2011.

alleges that Wilson could not foreclose on her mortgage because doing so would violate HRS § 454-8 and the circuit court's March 30, 2010 Consent Judgment between the State of Hawai'i (**State**) and Wind River Brokers. The Consent Judgment "enjoined [Wind River Brokers] from acting as a mortgage broker or solicitor within the meaning of HRS Chapter 454 unless licensed to so act by the Mortgage Broker and Solicitor Program.

HRS § 454-8 provides that "[a]ny contract entered into by any person with any unlicensed mortgage broker or solicitor shall be void and unenforceable." "Mortgage broker" is defined as someone "who for compensation or gain, or in the expectation of compensation or gain, either directly or indirectly makes, negotiates, acquires, or offers to make, negotiate, or acquire a mortgage loan on behalf of a borrower seeking a mortgage loan." HRS § 454-1 (1993).

The circuit court's Consent Judgment did not enjoin Wilson or other parties from engaging in mortgage brokering, as Noel contends. The record indicates that Wind River Brokers voluntarily entered into the "Joint Application for Entry of Consent Judgment" with the State because "it determined that the cost of defending self would have exceeded any potential penalty." The circuit court's Consent Judgment only applied to Wind River Brokers.

The record also indicates that neither Wilson nor Wind River Brokers brokered Noel's mortgage loan transaction. The circuit court's unchallenged findings of fact indicate that "[a]ll representations relating to the loan were made to [Noel] by her mortgage broker, Ms. Gina Nozoe Martin [(**Martin**)], of Healy Mortgage." Because Wind River Brokers did not broker Noel's mortgage loan transaction, their unlicensed status does not affect the validity of Noel's note and mortgage. Beneficial Hawaii, Inc. v. Kida, 96 Hawai'i 289, 309, 30 P.3d 895, 915 (2001) ("HRS § 454-8 must be interpreted to invalidate only those contracts into which unlicensed mortgage brokers enter in their capacity as mortgage brokers within the meaning of HRS § 454-

4

1."). Noel did not allege or present evidence that Martin was not a licensed mortgage broker. The note and mortgage were not void under HRS § 454-8.

### III. Mortgage Foreclosure Dispute Resolution and HOEPA

Noel claims that the circuit court "has never considered the illegality of this loan and even in it's [findings of fact has] stated that the mortgage of $163,500 was due within six months even though that is against HRS statutes, S.B. 651 and HOEPA laws." Noel contends that the circuit court erred in partially granting Plaintiffs' motion for summary judgment because a genuine issue of material fact remained as to the validity of Noel's note and mortgage, under "S.B. 651 and HOEPA laws."

Noel's reference to "S.B. 651" appears to refer to Act 48 of the 2011 Legislature, which created Part V of HRS Chapter 667, entitled "Mortgage Foreclosure Dispute Resolution." See 2011 Haw. Sess. Laws Act 48, § 1 at 84 (codified at HRS §§ 667-71 to -86. (Supp. 2014)).[3] This part of HRS Chapter 667 applies only "to nonjudicial foreclosures conducted by power of sale . . . of residential real property that is occupied by one or more mortgagors who are owner occupants." HRS § 667-71(a). Because Plaintiffs sought a judicial foreclosure of the mortgage, Part V of HRS Chapter 667 did not apply. See HRS § 667-1.5 (Supp. 2014).

Noel also alleges that "[t]he interest rates and the fees charged are in violation of HOEPA." "HOEPA is a section of [the Truth in Lending Act] which requires specific disclosures and minimum standards for residential mortgage loans." Newcomb v. Cambridge Home Loans, Inc., 861 F. Supp. 2d 1153, 1161 (D. Haw. 2012) (citing 15 U.S.C. § 1639 (2012)). HOEPA does not apply to "[c]redit transactions involving extensions of credit primarily for business, commercial, or agricultural purposes, or

---

[3] We note that Plaintiffs filed their complaint on September 20, 2007, nearly four years before the state legislature enacted Part V of HRS Chapter 667.

to government or governmental agencies or instrumentalities, or to organizations."  15 U.S.C. § 1603(1) (2014); see Macheda v. Household Fin. Realty Corp. of New York, 631 F. Supp. 2d 181, 186 (N.D. N.Y. 2008) (analyzing whether mortgagor's home was used "primarily for a business purpose" in HOEPA action against lender).  The circuit court's unchallenged findings of fact indicate that "[d]uring the loan application process, Noel, executed a Declaration of Business Purpose form on November 14, 2006 which stated that the loan was for business/commercial purposes and not for a residence."  Because Noel's mortgage loan was used primarily for business purposes, HOEPA did not apply.

**IV.  Disqualification or Recusal of Circuit Court Judge**

Noel argues that "Judge Hara did not reveal until Sept. 2011 that his father Stanley Hara sold [her] the land . . . ."  Noel further argues that "since the [finding of fact she has] felt that the [circuit court] never did award this case the serious merit which it deserves and has denied [her] her basic rights as a citizen."

During the hearing, Judge Hara informed both parties that his father was a principal at Kahi Inc., the company that sold Noel the property at issue, and that he became part owner of the company after his father passed away.  So as to avoid any appearance of impropriety, Judge Hara gave both parties the opportunity to voice any concerns and/or objections to his presiding over the case.  Noel told Judge Hara that she did not take issue with him presiding over her case as long as he thought he could remain fair.  Judge Hara indicated that he could be fair and the hearing proceeded without further objections.

Noel appears to argue that because she did not obtain a favorable result, Judge Hara must have been biased against her.  The Hawai'i Supreme Court, however, has explicitly rejected this argument and has held that "[b]ias cannot be premised on adverse ruling alone."  Arquette v. State, 128 Hawai'i 423, 448, 290 P.3d 493, 518 (2012).  Noel fails to point to any instance of bias.  Noel's argument that Judge Hara was biased against her is without merit.

Therefore,

IT IS HEREBY ORDERED that the "Findings of Fact, Conclusions of Law and Order Partially Granting and Partially Denying Plaintiff's Motion for Summary Judgment" entered January 26, 2012 in the Circuit Court of the Third Circuit is affirmed.

DATED:  Honolulu, Hawai'i, May 12, 2015.

On the briefs:

Keala Mitzi Noel
Defendant-Appellant pro se.

Diana L. Van De Car
for Plaintiff-Appellee
Larry Wilson, ISAOA.

Chief Judge

Associate Judge

Associate Judge

7